LEECE *v.* PARKS

APPEAL AND ERROR—TRIAL COURT'S DECISION—SCOPE OF REVIEW.

Trial court's holding for plaintiff in dispute over common boundary line of adjoining parcels of real property, because impressed with exacting efforts of plaintiff's surveyor to locate old monuments, and unimpressed with defendants' surveyor who did not appear to be as exacting is not disturbed on appeal.

Appeal from Oakland, Adams, (Clark J.), J. Submitted Division 2 May 2, 1967, at Lansing. (Docket No. 1,630.)  Decided October 25, 1968. Leave to appeal denied February 20, 1969.  381 Mich 804.

Complaint by Marvin H. Leece against James M. Parks and Lillie Mae Parks to remove a cloud on title to real property.  Judgment for plaintiff. Defendants appeal.  Affirmed.

*Jerome M. Mulligan,* for plaintiff.

*Milton F. Cooney,* for defendants.

---

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 702 *et seq.*

Sullivan, J. This is an action to settle a dispute over the common boundary line of adjoining parcels of real property. The plaintiff-appellee, Marvin H. Leece, shares with the defendants-appellants, James M. Parks and Lillie Mae Parks, a common boundary line which determines the northern limit of plaintiff's property and the southern limit of defendants' property. It is the location of this boundary line which is in dispute.

Each party had a survey run by his own surveyor, but the surveyors used different starting points. The plaintiff's surveyor used the existing east quarter corner monument as it is presently located; the defendants' surveyor contends this monument is improperly located. There is no question that if the east quarter corner monument is properly located and used as a starting point, the surveys should produce the same results even though slightly different methods are used.

The trial court was impressed with the "exacting efforts of plaintiff's surveyor in locating old monuments and accepted boundary lines" in the section, and was unimpressed with the efforts of defendants' surveyor which did not appear to him to be as exacting or comprehensive as plaintiff's. There is nothing in the record suggesting this conclusion should be rejected, nor does the record require this Court to reach a different conclusion.

Defendants cite no case suggesting the trial court erred as a matter of law. *Diehl* v. *Zanger* (1878), 39 Mich 601, 605 (cited by defendant) holds, *inter alia*, that "[n]o rule in real estate law is more inflexible than that monuments control course and distance". But it is plaintiff who accepts the east quarter corner monument of the section and defendants who reject it. If that case does anything it supports plaintiff's position.

Defendants' other claims of error merely take issue with the trial judge's conclusions based upon the testimony of the witnesses in the case. Notwithstanding defendants' contention to the contrary, the record supports these conclusions and the trial court's decision.

Affirmed. Costs to appellee.

T. G. Kavanagh, P. J., and Levin, J., concurred.